UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BRITTAIN J. PURCELLE,

                        Plaintiff,

v.

E. VEDDER, Corrections Officer, Great                 9:19-CV-0405
Meadow Correctional Facility; ROBERT                 (GLS/ML)
LOWRY, Sergeant/Supervisor, Great
Meadow Correctional Facility, formerly
known as R. Lowe; J. McCULLEN,
Corrections Officer, Great Meadow Correctional
Facility; S. MILLIGAN, Corrections Officer,
Great Meadow Correctional Facility; HENLEY,
Commissioner's Hearing Officer; VENNETTOZZI,
Deputy Commissioner of Special Housing Units for
DOCCS; and MILLER, Corrections Officer, Great
Meadow Correctional Facility,

                        Defendants.
_____

APPEARANCES:                                           OF COUNSEL:

Brittain J. Purcelle
   *Pro Se* Plaintiff
Clinton Correctional Facility
Post Office Box 2000
Dannemora, New York 12929
(last known address)

LETITIA A. JAMES                              JOHN F. MOORE, ESQ.
Attorney General for the State of New York       Assistant Attorney General
   Counsel for Defendants
The Capitol
Albany, New York 12224

MIROSLAV LOVRIC, United States Magistrate Judge

**REPORT and RECOMMENDATION**

Currently before the Court, in this civil rights action filed by Brittain J. Purcelle ("Plaintiff") against E. Vedder, Robert Lowry, J. McCullen, S. Milligan, Henley, Vennettozzi, and Miller ("Defendants"), is Defendants' motion to dismiss for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) and 37(d).[1] (Dkt. No. 38.) For the reasons set forth below, I recommend that Defendants' motion be granted.

## I. RELEVANT BACKGROUND

On March 24, 2019, Plaintiff commenced this action by the filing of a Complaint. (Dkt. No. 1.) This case was administratively closed on April 5, 2019, for failure to comply with the filing fee requirement. (Dkt. No. 2.) On April 8, 2019, Plaintiff filed a motion for leave to proceed *in forma pauperis* ("IFP"). (Dkt. Nos. 3, 4.) At that time, Plaintiff was confined to Clinton Correctional Facility ("Clinton"), located in Dannemora, New York. (Dkt. No. 1.)

On May 10, 2019, Senior United States District Judge Gary L. Sharpe issued a decision and order granting Plaintiff's motion for permission to proceed without prepayment of fees. (Dkt. No. 6.) In that same decision and order, Judge Sharpe ordered the dismissal of certain of Plaintiff's claims and found that Plaintiff's claims pursuant to the (1) Eighth Amendment alleging excessive force and failure to intervene against Defendants Lowe, Vedder, Milligan, Miller, and McCullen, and (2) Fourteenth Amendment alleging procedural due process violations against Defendants Henley and Vennettozzi, survived the Court's initial review pursuant to 28 U.S.C. §§ 1915(e) and 1915A. (*Id.*) In his decision, Judge Sharpe issued certain administrative instructions to Plaintiff, including the directive to "**promptly notify the Clerk's Office and all**

---

[1] In the future, defense counsel is cautioned to comply with N.D.N.Y. L.R. 7.1(a), which requires that a motion include a memorandum of law.

**parties or their counsel, in writing, of any change in his address; his failure to do so may result in the dismissal of this action**." (*Id.* at 10-11 [emphasis in original].)

On July 11, 2019, the Court issued a Mandatory Pretrial Discovery and Scheduling Order, which stated, "[t]he defendant(s) are granted leave to take the deposition of plaintiff(s) pursuant to Fed. R. Civ. P. 30(a)(2)(B). . . . The failure of the plaintiff(s) to attend, be sworn, and answer appropriate questions may result in sanctions, including dismissal of the action pursuant to Fed. R. Civ. 31." (Dkt. No. 22 at 5.)

On December 30, 2019, Defendants filed a letter which stated, *inter alia*, that Plaintiff's deposition was scheduled for January 3, 2020, to be conducted at Great Meadow Correctional Facility, and that a DOCCS representative at Clinton (where Plaintiff was located at the time) advised that Plaintiff was refusing the appear for the scheduled deposition. (Dkt. No. 25.) Defendants' letter also included a signed refusal letter from Plaintiff. (Dkt. No. 25, Attach. 1 at 6.) As a result, Defendants requested leave to file a motion to dismiss pursuant to Fed. R. Civ. P. 37, or, in the alternative, extension of the discovery deadline to allow for Plaintiff's deposition to be rescheduled. (Dkt. No. 25.)

On January 10, 2020, the Court issued a text order directing Plaintiff to appear for deposition and answer all questions (other than those that implicate a privilege) and warning that Plaintiff's failure to abide by the Court's ruling "may result in sanctions pursuant to Fed. R. Civ. P. 37, which may include dismissal of this case." (Dkt. No. 28.)

On January 15, 2020, Plaintiff filed a letter requesting that the Court hold the case in abeyance until his release or, in the alternative, for his deposition to be conducted at Clinton Correctional Facility. (Dkt. No. 29.) On January 21, 2020, the Court denied Plaintiff's letter motion in all respects. (Dkt. No. 31.)

On February 10, 2020, Defendants filed a letter motion which stated, *inter alia*, that pursuant to the Court's Orders, Plaintiff's deposition was rescheduled for February 14, 2020, but that they received notice Plaintiff was refusing to participate. (Dkt. No. 32.) Defendants' letter also included a signed refusal letter from Plaintiff. (Dkt. No. 32, Attach. 1 at 6.) As a result of Plaintiff's refusal to participate in his scheduled deposition a second time, Defendants again requested permission to make a motion to dismiss pursuant to Fed. R. Civ. P. 37 and 41. (Dkt. No. 32.)

On February 11, 2020, the Court issued a text order, which granted Defendants' request for permission to file a motion to dismiss pursuant Fed. R. Civ. P. 37 and 41, if Plaintiff did not appear for his scheduled deposition on February 14, 2020. (Dtk. No. 33.)

On February 11, 2020, Defendants filed a letter with the Court, which explained that Plaintiff's deposition scheduled for February 14, 2020, had been cancelled because Plaintiff refused to be moved to Great Meadow Correctional Facility for it. (Dkt. No. 34.) Defendants' letter explained that, in light of the Court's ruling and to give Plaintiff the opportunity to appear for deposition, they rescheduled it for February 27, 2020, in Albany, New York (since Plaintiff was being released to parole on February 18, 2020). (*Id.*)

Based on Defendants' letter dated February 11, 2020, on February 12, 2020, the Court issued a text order which stated that if "Plaintiff fails to appear for the scheduled deposition on 2/27/2020, [D]efendants are authorized to file their motion [to dismiss]." (Dkt. No. 35.)

On February 24, 2020, the Court received returned as undeliverable, its text order dated February 11, 2020. (Dkt. No. 36.) On February 24, 2020, the Court received returned as undeliverable, its text order dated February 12, 2020. (Dkt. No. 37.)

4

On March 10, 2020, Defendants filed this motion to dismiss for failure to appear for scheduled depositions, failure to comply with the Court's discovery orders, and failure to prosecute this action. (Dkt. No. 38.) According to the transcript from Plaintiff's scheduled deposition on February 27, 2020, and the declaration of Defendants' counsel, Plaintiff failed to appear for his deposition on February 27, 2020, but called defense counsel to advise that he would not appear for the deposition. (Dkt. No. 38, Attach. 1 at ¶ 14; Dkt. No. 38, Attach. 2 at 4-5.) During the phone call between defense counsel and Plaintiff on February 27, 2020, Plaintiff apparently provided Defendants with an updated address. (Dkt. No. 38, Attach. 1 at 14.) Defendants served their motion on Plaintiff at the address that he provided on February 27, 2020. (Dkt. No. 39.)

Plaintiff's response to Defendants' motion was due by April 14, 2020. (*Id.*) To date, the Court has not received a response to Defendants' motion. (*See generally* docket sheet.)

## II.     GOVERNING LEGAL STANDARDS

For reasons that are self-evident, this Court's local rules require that "[a]ll attorneys of record and *pro se* litigants immediately notify the Court of any change of address." N.D.N.Y. L.R. 10.1(c)(2) (emphasis omitted). As one court has observed with respect to this requirement,

> [i]t is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany Cnty. Corr. Facility Staff*, 95-CV-1525, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (Pooler, J.) (quoting *Perkins v. King*, 84-3310, 1985 U.S. App. LEXIS 31736, at *4 (5th Cir. Mar. 19, 1985)).

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, order dismissal of an action based on a plaintiff's failure to prosecute or comply with an order of the court.[2]  Fed. R. Civ. P. 41(b); *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014); *Rodriguez v. Goord*, 04-CV-0358, 2007 WL 4246443, at *2 (N.D.N.Y. Nov. 27, 2007) (Scullin, J., adopting report and recommendation by Lowe, M.J.).  That discretion should be exercised when necessary to "achieve the orderly and expeditious disposition of cases."  *Link*, 370 U.S. at 630-31.  In addition, it should be exercised with caution and restraint because dismissal is a particularly harsh remedy, especially when invoked against a *pro se* plaintiff.  *Baptiste*, 768 F.3d at 216-17.

A determination of whether to dismiss an action pursuant to Rule 41(b) is informed by consideration of the following five specific factors:

> (1) the duration of the plaintiff's failure to comply with court orders; (2) whether the plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in a fair chance to be heard; and (5) whether the imposition of sanctions less drastic than dismissal is appropriate.

*Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (citing *Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir. 1994); *Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988)); *Shannon v. Gen. Elec.Co.*,186 F.3d 186, 193-94 (2d Cir. 1999); *Lebarron v. Warren*

---

[2]    Although Rule 41(b) grants a defendant leave to move for dismissal based on a plaintiff's failure to prosecute or comply with a court order (rather than grant the court explicit authority to dismiss *sua sponte*), "courts retain the 'inherent power' to *sua sponte* 'clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief.'"  *Rodriguez v. Goord*, 04-CV-0358, 2007 WL 4246443, at *2 (N.D.N.Y. Nov. 27, 2007) (Scullin, J.) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).  Indeed, the local rules of this Court recognize this authority and mandate that the Court exercise it under certain circumstances.  *See, e.g.*, N.D.N.Y. L.R. 41.2(a).

*Cnty. Sheriff's Office*, 13-CV-1572, 2016 WL 2621796, at *4, n.3 (N.D.N.Y. Apr. 6, 2016) (Hummel, M.J.) (quoting *Barney v. Consol. Edison Co. of New York*, 99-CV-0823, 2006 WL 4401019, at *16 (E.D.N.Y. July 19, 2006)) ("'[C]ourts consider the same factors applicable to Rule 41(b) when considering dismissal pursuant to Rule 37.'"), *report and recommendation adopted*, 2016 WL 2636293 (N.D.N.Y. May 6, 2016) (Suddaby, C.J.).

Rule 37(d) of the Federal Rules of Civil Procedure provides that if an individual fails to appear at his own deposition after having received proper notice, the court may take various steps to sanction the disobedient party. Fed. R. Civ. P. 37(d)(1)(A)(i). Section 37(d) cross references Rule 37(b)(2)(A)(v), which also authorizes the court to dismiss an action for failure to comply with a discovery order. The imposition of sanctions under Rule 37 is within the discretion of the district court, and the sanction of dismissal is a harsh remedy to be used "only in extreme situations." *Bobal v. Rensselaer Polytechnic Institute*, 916 F.2d 759, 764 (2d Cir. 1990). In order to impose such a severe sanction, the court must find willfulness, bad faith, or fault on the individual from whom discovery is sought. *Bobal*, 916 F.2d at 764. The party in question, particularly a *pro se* litigant, must have had prior notice that violation of the court's order would result in dismissal with prejudice. *Simmons v. Abruzzo*, 49 F.3d 83, 88 (2d Cir. 1995).

### III.    ANALYSIS

As set forth above in Part I of this Report-Recommendation, Plaintiff failed to appear for his deposition on January 3, 2020. In addition, Plaintiff failed to appear for his deposition when it was re-scheduled for February 14, 2020. Moreover, Plaintiff failed to appear for his deposition when it was re-schedule a second time for February 27, 2020.

Dismissal is a harsh sanction that is only used if no lesser sanctions are appropriate. *See Securities and Exchange Comm'n v. Razmilovic*, 738 F.3d 14, 24-25 (2d Cir. 2013) (quoting

*Southern New England Tel. Co. v. Global NAPs, Inc.*, 624 F.3d 123, 144 (2d Cir. 2010)) (dismissal for a disobedient plaintiff or default in the case of a disobedient defendant should be ordered only when the district judge has considered lesser sanctions). In addition, no sanction should be imposed without giving the disobedient party notice of the particular sanction "and an opportunity to be heard in opposition to its imposition." *Razmilovic*, 738 F.3d at 24.

      Here, based on the facts, Plaintiff has both willfully failed to appear at his scheduled depositions and failed to notify the Court of a change of address. Plaintiff was specifically warned in the Court's pre-trial order that his failure to appear or be deposed could subject his action to dismissal. (Dkt. No. 25.) In addition, Plaintiff was ordered to appear for his deposition and warned that his failure to do so may result in dismissal of this action. (Dkt. No. 28.) Moreover, Plaintiff was warned that failure to notify the Clerk of the Court in writing of any change of address may result in dismissal of this action. (Dkt. No. 6 at 10-11.)

      Based on careful consideration of the foregoing relevant factors, I conclude that dismissal of Plaintiff's Complaint at this juncture is warranted. The case cannot go forward without discovery, and Defendants are entitled to depose Plaintiff, particularly when the crux of Plaintiff's action is based on his claim that Defendants used excessive force against him given the circumstances. (Dkt. No. 1.) In addition, despite Plaintiff's awareness of his responsibility, he has failed to provide an updated address to the Court. (Dkt. Nos. 36, 37.) Given Plaintiff's manifest disinterest in pursuing his claims in this action, I find that the need to alleviate congestion on the Court's docket and Defendants' interest in defending against the claims asserted by Plaintiff, outweigh his right to receive a further opportunity to be heard in this matter.

      As required, I have considered less-drastic sanctions, but reject them as ineffective. For example, I am persuaded that issuing an order reprimanding Plaintiff for his conduct would be

futile, given that such an order would, in all likelihood, never reach Plaintiff due to his failure to provide the Court with a current address and the Plaintiff's failure to abide by a previous Court order.  (*See* Dkt. No. 28 [ordering Plaintiff to appear for his deposition].)  In addition, the Court notes that Plaintiff is proceeding *in forma pauperis*, and even though he is no longer incarcerated, it is unlikely that he would be able to afford a monetary sanction.[3]  Therefore, I find that monetary sanctions would serve no purpose.  Moreover, preclusion of Plaintiff's testimony is tantamount to dismissal.  Thus, I have no choice but to recommend dismissal for failure to attend his deposition, provide the Court with an updated address, and failure to prosecute this action.

**ACCORDINGLY**, it is respectfully

**RECOMMENDED** that Plaintiff's Complaint (Dkt. No. 1) be **DISMISSED** in its entirety, pursuant to Fed. R. Civ. P. 41(b) and 37(d), based on his failure to prosecute and comply with this Court's orders and local rules of practice; and it is further

**RECOMMENDED** that Defendants' motion to dismiss for failure to prosecute (Dkt. No. 38) be **GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984

---

[3] The Court notes that pursuant to Fed. R. Civ. P. 37(d)(3), the Court "must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Defendants have not submitted any costs nor requested an award of expenses. (*See generally* Dkt. No. 38.)  As a result, the Court is unable to make any determination at this juncture whether such an award would be unjust.

F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

It is hereby respectfully **ORDERED** that the Clerk of the Court shall file a copy of this Report-Recommendation on the docket of this case and serve a copy upon the parties in accordance with the local rules.[4]

Dated: May 29, 2020
       Binghamton, New York

*signature*
Miroslav Lovric
U.S. Magistrate Judge

---

[4] The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).